# Supreme Court of Florida

---

No. SC2022-1394

---

**ANTONIO LEBARON MELTON,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

May 4, 2023

PER CURIAM.

Antonio Lebaron Melton, a prisoner under sentence of death, appeals the circuit court's order summarily denying his sixth successive motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.851. We affirm.[1]

In 1994, this Court affirmed Melton's first-degree felony murder and armed robbery convictions for the robbery and murder of George Carter. *Melton v. State*, 638 So. 2d 927, 928 (Fla. 1994). Melton was 18 years and 25 days old at the time of Carter's murder.

---

1. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

The trial judge sentenced Melton to death in accordance with the jury's eight-to-four recommendation for the murder and to life imprisonment for the robbery. *Id.* His convictions and sentences became final in 1994 when the United States Supreme Court denied certiorari review. *Melton v. Florida*, 513 U.S. 971 (1994).

We have since affirmed the denial of Melton's initial postconviction motion and his second, third, fourth, and fifth successive postconviction motions[2] and denied his initial and successive habeas petitions. *See Melton v. State*, 949 So. 2d 994, 999 (Fla. 2006); *Melton v. State*, 55 So. 3d 1287 (Fla. 2011); *Melton v. State*, 88 So. 3d 146 (Fla. 2012); *Melton v. State*, 193 So. 3d 881, 884 (Fla. 2016); *Melton v. Jones*, No. SC2017-2032, 2018 WL 566451, at *1 (Fla. Jan. 26, 2018); *Melton v. State*, 236 So. 3d 234, 235 (Fla. 2018).

Months before Melton was apprehended for Carter's murder, he murdered Ricky Saylor. *Melton*, 949 So. 2d at 1000. Melton was 17 years old at the time of the Saylor murder. He was convicted of

---

2. Melton appealed the denial of his first successive postconviction motion, but voluntarily dismissed the appeal before the Court ruled on the merits.

armed robbery and first-degree felony murder and was sentenced to life imprisonment with the possibility of parole after twenty-five years. *Melton v. State*, 304 So. 3d 375, 376 (Fla. 1st DCA 2020). The convictions served as the basis for the trial court's finding of the prior violent felony aggravator in the Carter murder case. *Melton*, 949 So. 2d at 1000.

In 2022, Melton filed the sixth successive postconviction motion at issue, contending that two pieces of alleged newly discovered evidence—a declaration from a neurodevelopmental psychologist and a resolution from the American Psychological Association (APA)—show that there is a scientific consensus that the brain does not fully develop until at least 21 years old. Melton argues that this new evidence requires extending the rationale in *Roper v. Simmons*, 543 U.S. 551 (2005), for barring the execution of persons under the age of 18 at the time of the offense to bar the execution of persons under the age of 21. In the alternative, he argues that the alleged newly discovered evidence negates the two

aggravating factors[3] that the trial court found in imposing his death sentence and therefore would probably yield a less severe sentence on retrial. *See Dailey v. State*, 329 So. 3d 1280, 1285 (Fla. 2021) (explaining that to obtain relief where alleged newly discovered evidence relates to the penalty phase, "a defendant must establish: (1) that the newly discovered evidence was unknown by the trial court, by the party, or by counsel at the time of trial and it could not have been discovered through due diligence, and (2) that the evidence is of such a nature that it would probably . . . yield a less severe sentence on retrial").

The circuit court summarily denied relief, finding that Melton's claim was untimely and that his request to extend *Roper* is meritless. We agree. *See* Fla. R. Crim. P. 3.851(f)(5)(B) ("If the motion, files, and records in the case conclusively show that the movant is entitled to no relief, the motion may be denied without an evidentiary hearing.").

---

3. The two aggravating factors are: (1) prior violent felony (first-degree murder and robbery of Saylor) and (2) pecuniary gain. *Melton*, 638 So. 2d at 929.

Melton's motion is not timely because it was not filed within one year of the date upon which the claim became discoverable through due diligence. *See Jimenez v. State*, 997 So. 2d 1056, 1064 (Fla. 2008) ("To be considered timely filed as newly discovered evidence, the successive rule 3.851 motion was required to have been filed within one year of the date upon which the claim became discoverable through due diligence."). The declaration and resolution that Melton argues are newly discovered evidence largely rely on pre-2021 studies and, in fact, the declaration recognizes that in 2015 the majority of the neuroscientific community accepted that the human brain was not fully developed until late adolescence. " '[N]ew opinions or research studies based on a compilation or analysis of previously existing data and scientific information' are not generally considered newly discovered evidence." *Dillbeck v. State*, 357 So. 3d 94, 99 (Fla. 2023) (alteration in original) (quoting *Henry v. State*, 125 So. 3d 745, 750 (Fla. 2013)); *see also Foster v. State*, 132 So. 3d 40, 72 (Fla. 2013) ("[N]ew research studies are not recognized as newly discovered evidence."). But even if they could be, because Melton's claim

depends on a consensus that has been accepted since 2015, the record conclusively establishes that he failed to diligently raise it.

We also agree with the circuit court that Melton's request to extend *Roper* lacks merit. We have repeatedly held that "unless the United States Supreme Court determines that the age of ineligibility for the death penalty should be extended, we will continue to adhere to *Roper*." *Branch v. State*, 236 So. 3d 981, 987 (Fla. 2018); *see also Foster v. State*, 258 So. 3d 1248, 1253 (Fla. 2018) (reaffirming this Court's adherence to *Branch* and *Roper*). Melton, who relies on evidence that is not newly discovered evidence and advances the same reasoning for extending *Roper* that we have previously rejected, has not persuaded us that our precedent is "clearly erroneous." *State v. Poole*, 297 So. 3d 487, 507 (Fla. 2020).

Accordingly, we affirm the circuit court's summary denial of Melton's sixth successive postconviction motion.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, and FRANCIS, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Escambia County
     W. Joel Boles, Judge
     Case No. 171991CF000373XXXBXX

Robert Friedman, Capital Collateral Regional Counsel, Alice B. Copek, Assistant Capital Collateral Regional Counsel, and Drew A. Sena, Assistant Capital Collateral Regional Counsel, Northern Region, Tallahassee, Florida,

     for Petitioner

Ashley Moody, Attorney General, and Charmaine M. Millsaps, Senior Assistant Attorney General, Tallahassee, Florida,

     for Respondent